# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Rulu USB Thumb Drive, white and blue in color, which is currently located at the U.S. Probation evidence locker, Room 001, 517 East Wisconsin Avenue, Milwaukee, WI, described on Attachment A. | Case No. 25-1804M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ___Eastern___ District of ___Wisconsin___
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before ___11/18/2025___ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ❏ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Honorable Nancy Joseph___.
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for ___ days *(not to exceed 30)*   ❏ until, the facts justifying, the later specific date of ___.

Date and time issued: ___11/4/2025 at 9:24 a.m.___

*Judge's signature*

City and state: ___Milwaukee, Wisconsin___   Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>                                                                     _____<br>                                                                     *Executing officer's signature*<br><br>                                                                      _____<br>                                                                       *Printed name and title* |

# ATTACHMENT A

The property to be searched is as follows:

    a. Rulu USB thumb drive, white and blue in color (see picture);

The Device is currently located at the U.S. Probation Office for the Eastern District of Wisconsin evidence locker located at 517 E. Wisconsin Avenue, Room #001, Milwaukee, Wisconsin 53202.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.



# ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 18 USC 2252 and 2252A, including:

    a. Records containing child pornography or pertaining to the production, distribution, receipt, or possession of child pornography;

    b. Records or information, photographs, videos, notes, documents, or correspondence, in any format or medium, concerning communications about child pornography or sexual activity with or sexual interest in minors;

2. All names, aliases, and numbers stored in the Device, including numbers associated with the Device, relating to the identities of those engaged in the production, possession, receipt, or distribution of child pornography.

3. Images or visual depictions of child pornography.

4. Records and information containing child erotica, including texts, images, and visual depictions of child erotica.

5. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the violations.

6. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the computer or by other means for the purpose of committing the violations.

7. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that provide or make accessible child pornography.

8. Any and all information, records, documents, invoices, and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to the violations.

9. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 25-1804M(NJ)
Rulu USB Thumb Drive, white and blue in color, which is currently )
located at the U.S. Probation evidence locker, Room 001, 517 East )
Wisconsin Avenue, Milwaukee, WI, described on Attachment A. )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the **Eastern** District of **Wisconsin**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2252A(a)(5)(B) and (b)(2) | Possession of and access with intent to view child pornography |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Nathan Markon, Special Agent - FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **telephone** *(specify reliable electronic means)*.

Date: 11/4/2025

City and state: Milwaukee, Wisconsin

*Judge's signature*

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Nathan Markon, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— an electronic device—which is currently in the custody of the U.S. Probation Office for the Eastern District of Wisconsin, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since July 2024. I am currently assigned to the Milwaukee Division as a member of the Violent Crimes Squad. While employed by the FBI, I have investigated federal criminal violations related to child sexual exploitation and child pornography. As a result of my training, experience, and discussions with other law enforcement officers assigned to investigate child pornography and child exploitation, I am familiar with methods by which electronic devices are used as the means for receiving, transmitting, possessing, and distributing images and videos depicting minors engaged in sexually explicit conduct. I have also received training and gained experience in interview and interrogation techniques.

3. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence, contraband, fruits, and instrumentalities of violations of Title 18, United States

Code, Sections 2252 and 2252A, incorporated herein by reference as if fully set forth, are located in the Device for which authority is requested to search. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a Rulu USB thumb drive, white and blue in color.

5. The Device is currently located at the U.S. Probation Office for the Eastern District of Wisconsin evidence locker located at 517 E. Wisconsin Avenue, Room #001, Milwaukee, Wisconsin 53202. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the U.S. Probation Office.

6. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

7. The purpose of this application is to seize evidence of violations of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (possession of and access with intent to view child pornography).

## PROBABLE CAUSE

### Information Obtained from the U.S. Probation Office for the Eastern District of Wisconsin

8. On October 21, 2025 ALLEN BENDER stated during an office visit to the U.S. Probation Office that he was in possession of a "smart" Television (TV) which a previous Probation Officer knew about. His records did not indicate he had an approved smart TV.

9. On October 28, 2025, U.S. Probation Officers (USPO) Kristina Langteau and Tremayne White conducted an unscheduled visit at BENDER's residence, 947 North 24th Street,

2

Room Number 1, Milwaukee, Wisconsin. During that visit USPOs confiscated a previously unknown USB drive that was on the smart TV entertainment center inside BENDER'S bedroom.

10. As a condition of his supervised release, BENDER is not allowed to possess and/or use a computer or other electronic communications or data storage devices or media unless approved by his probation officer. When asked about the USB thumb drive, BENDER claimed someone else gave it to him and that he believed it was broken. BENDER expressed interest in taking the device apart to see what it looked like inside.

11. After returning to his office, USPO White manually reviewed the files on the Device. USPO White observed several images, some artificial intelligence-generated, of naked prepubescent females and two explicit videos of child pornography. The minors depicted in the videos were all between approximately seven to twelve years old.

    a. Video 1 is named "Daphne.avi". This video depicts a prepubescent female being orally and vaginally penetrated by an adult male.

    b. Video 2 is named "Quartet.mp4". This video shows a prepubescent female engaging in oral sex with a prepubescent male.

### PRIOR CONVICTIONS FOR CHARGES RELATED TO CHILD ABUSE

12. On July 11, 1994 BENDER was found guilty of First Degree Sexual Assault of a Child in the state of Wisconsin. On September 30, 2011 he plead No Contest to a Sex Registry Violation. Then, between November 2012 and March 2013, an FBI Online Covert Employee (OCE) conducted three successful downloads of Child Pornography using a Peer-to-Peer file sharing network called "Ares" from an IP Address associated with BENDER. An FBI investigation was initiated into BENDER's activities by the Milwaukee Division.

13. On June 13, 2013 a search was conducted at BENDER's residence. At the same time BENDER was interviewed at the Dodge County Sheriff's Office, where he made consensual confessions that he had been accessing, viewing, and distributing Child Pornography. BENDER also participated in a polygraph, which he failed and subsequently made additional disclosures regarding his abuse of minors. BENDER was arrested following the interview and polygraph.

14. On July 9, 2013 BENDER was indicted on three counts of Distribution of Child Pornography and one count of Possession of Child Pornography. On June 25, 2014 BENDER pled guilty to Possession of Child Pornography, Second Offense. BENDER was sentenced to 121 months incarceration on September 19, 2014 in the United States District Court, Eastern District of Wisconsin for the distribution of Child Pornography.

## TECHNICAL TERMS

19. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Thumb drive: A thumb drive is a removable digital media storage device that is typically inexpensive and can hold varying amounts of digital data. Thumb drives connect to computers and laptops via a USB port. Users can save digital information on a thumb drive for external storage, or for transporting from one device to another. A thumb drive's data storage capability is usually listed in the title, for example "512 MB" (megabyte) or "32 GB" (gigabyte).

   b. Smart TV: A smart Television (TV) is a television with built-in internet connectivity. Smart TVs connect to the internet via Wi-Fi or ethernet cable. Users can download applications and access media content such as movies, TV shows, or other forms of streaming media. Users can also use browsers to conduct regular internet activities, just like a desktop, laptop, or smart phone.

c. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address can be in the form of four numbers up to 255 separated by periods, known as an IPv4, or a string of five alphanumeric four-digit combinations known as IPv6. Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

d. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

20. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

21. As explained below, information stored within a digital media storage device ("device") may provide crucial evidence of the "who, what, why, when, where, and how" of the conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored within the devices can indicate who has used or controlled the device. This

5

"user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, file path and metadata (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the devices at a relevant time. Further, such stored electronic data can show how and when the devices and its related account were accessed or used. Such "timeline" information allows investigators to understand the chronological context of device access, use, and events relating to the crime under investigation. This "timeline" information may tend to either inculpate or exculpate the devices account owner. Additionally, information stored within a device may indicate the geographic location of the devices and user at a particular time (e.g., location integrated into an image or video sent via email or text message to include both metadata and the physical location displayed in an image or video). Last, stored electronic data may provide relevant insight into the device owner's state of mind as it relates to the offense under investigation. For example, information in the devices may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting media files in an effort to conceal them from law enforcement). Unless this data is destroyed, by breaking the device itself or by a program that deletes or over-writes the data contained within the device, such data will remain stored within the device indefinitely.

22. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

6

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how the electronic devices was used, the purpose of its use, who used it, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f. I know that when an individual uses an electronic device to obtain unauthorized access to a victim electronic device over the Internet the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

23. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Device consistent with the warrant. The examination may require authorities to employ techniques, including but not

7

limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

24. *Manner of execution.* Because this warrant seeks only permission to examine the Device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

25. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

# ATTACHMENT A

The property to be searched is as follows:

    a. Rulu USB thumb drive, white and blue in color (see picture);

The Device is currently located at the U.S. Probation Office for the Eastern District of Wisconsin evidence locker located at 517 E. Wisconsin Avenue, Room #001, Milwaukee, Wisconsin 53202.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.



# ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 18 USC 2252 and 2252A, including:

    a. Records containing child pornography or pertaining to the production, distribution, receipt, or possession of child pornography;

    b. Records or information, photographs, videos, notes, documents, or correspondence, in any format or medium, concerning communications about child pornography or sexual activity with or sexual interest in minors;

2. All names, aliases, and numbers stored in the Device, including numbers associated with the Device, relating to the identities of those engaged in the production, possession, receipt, or distribution of child pornography.

3. Images or visual depictions of child pornography.

4. Records and information containing child erotica, including texts, images, and visual depictions of child erotica.

5. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the violations.

6. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the computer or by other means for the purpose of committing the violations.

7. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that provide or make accessible child pornography.

8. Any and all information, records, documents, invoices, and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to the violations.

9. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.